# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA JOHNS & DANIEL LANG, husband & wife, <br><br> Plaintiffs, <br><br> v. <br><br> CAPITAL ONE AUTO FINANCE, BOB MARNELL & AMERICAN RECOVERY SPECIALISTS OF WESTERN PENNSYLVANIA, <br><br> Defendants. | Civil Action No. 15-1475 |

## ORDER OF COURT

AND NOW, this 9th day of December, 2015, upon consideration of Plaintiffs Pamela Johns & Daniel Lang's Motion for Temporary Restraining Order and/or Preliminary Injunction, (Docket Nos. [4]) and Memorandum of Law in Support, (Docket No. [5]), filed in the above-captioned matter on this date, wherein Plaintiff seeks to enjoin Defendant Capital One Auto Finance from selling a vehicle that it repossessed from Plaintiffs on August 25, 2015 and for which they admit to being in arrears to such creditor Defendant at the time of repossession, and further state such "vehicle is scheduled to be sold at a private sale on November 20, 2015" (Docket No. 5 at 3), § III.C. of this Court's Practices and Procedures, which expressly provides that "in an injunction and/or temporary restraining order situation, the moving party **must establish that serious efforts were made to contact the opposing party or its counsel prior to seeking relief**, supported by the Fed.R.Civ.P.65(b) affidavit regarding the same. Otherwise, the Court will not hold a hearing on the matter or issue a temporary restraining order," Rule 65(b) of the Federal

1

Rules of Civil Procedure, which provides that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if … (B) **the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required**" and finding that the Certification of Jeffrey Suher, Esq. in Support of Plaintiffs' Motion fails to meet the standard required by this Court and the Federal Rules of Civil Procedure, because it merely states counsel "conferred, in good faith, with Christine M. Debevec, Esquire, counsel for Defendant Capital One Auto Finance, via email and telephone on **November 10, 2015**, in an effort to resolve parties' dispute concerning the disposition of Plaintiffs' vehicle. After conferring on the subject of the foregoing Motion for Temporary Restraining Order and/or Preliminary Injunction and **due to time constraints, it was clear that the parties are unable to resolve this matter**," (Docket No. 4 at 3 (emphasis added),[1] but does not contain any "serious efforts" efforts that have been taken by counsel between these initial communications one month ago (i.e., November 10, 2015), and the filing of the Motion and Brief today, December 9, 2015, to resolve this dispute,

IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Docket No. [4]) is DENIED, for the above-listed deficiencies as well as Plaintiff's failure to provide any security for such injunction, as is required under Rule

---

[1] The Court finds further support in the body of Plaintiffs' Motion which states that:

> Plaintiffs hereby respectfully request an immediate hearing on this motion. The undersigned contacted counsel for Defendant Capital One Auto Finance via email and telephone on November 10, 2015, prior to seeking relief and notified counsel via fax on November 11, 2015, that if Capital One Auto Finance doesn't agree to a stay of the sale of Plaintiffs' vehicle by 1 pm on Thursday, November 12, 2015, Plaintiffs would file this motion.

(Docket No. 4 at ¶ 3). Like the supposed certification, there is no additional information concerning what occurred in the intervening period.

65(c) of the Federal Rules of Civil Procedure.

In so holding, the Court further notes that the body of the Memorandum in Support clearly states that the sale of the repossessed vehicle "is" set to take place on **November 20, 2015** and there is no indication as to what occurred on or after that date, including whether that sale took place, if Defendant Capital One Auto Finance even remains in possession of the vehicle, and/or if another sale date has been established. (Docket No. 5 at 3 ("Plaintiffs' vehicle is scheduled to be sold at a private sale on November 20, 2015.")). Given same, there is no exigency apparent from the facts which have been put before this Court. Further, to the extent that the sale of the repossessed vehicle has already occurred, the relief requested of enjoining such a sale is clearly moot. Additionally, Plaintiffs cite no binding authority for the proposition that they would be irreparably harmed by a sale of the vehicle – which they admittedly do not own outright and have fallen in arrears to their creditor, Capital One. (*See* Docket No. 5). Indeed, many of the claims set forth in the Complaint clearly seek money damages which – absent some authority to the contrary – would undermine such an entitlement to injunctive relief. *See Esty v. HSBC Auto Finance*, 2009 WL 532631, at *3 (E.D. Pa. Mar. 3, 2009) (quoting *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)) (denying motion seeking to enjoin sale of automobile by creditor noting that "the availability of monetary damages belies a claim of irreparable injury.").

Beyond these deficiencies, this Court's Practices and Procedures also require that "[t]he moving papers in support of a motion for a temporary restraining order or preliminary injunction should include affidavits(s) in support of the motion with all relevant agreements attached to the affidavit(s). Any response to the motion for temporary restraining order or preliminary injunction

must be accompanied by affidavit(s)."  *Practices & Procedures of Judge Nora Barry Fischer* at § III.C.  Here, Plaintiff has neither attached affidavits nor the relevant agreements that are at issue concerning their acquisition of the vehicle.  (*See* Docket Nos. 4, 5).  Accordingly, there is no basis for the issuance of an ex parte temporary restraining order and the preliminary injunction is not properly supported under this Court's rules.

For these reasons, Plaintiffs' Motion [4] is DENIED, with prejudice.

*s/Nora Barry Fischer*<br>Nora Barry Fischer<br>United States District Judge

cc/ecf:  Counsel of record